# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACK HATTY, individually, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-12128 |
| DAIQUIRIS & CREAMS NO. 2, INC., a business corporation, and NO LIMIT GAMING, LLC, a domestic limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff JACK HATTY (hereinafter "HATTY" or "Plaintiff") hereby sues Defendants DAIQUIRIS & CREAMS NO. 2, INC., a business corporation, and NO LIMIT GAMING, LLC, a Louisiana limited liability company, (hereinafter "Defendants") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a (hereinafter "ADA"), and its implementing regulations and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.      Venue is properly located in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendants' property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

**PARTIES**

3.      Plaintiff JACK HATTY is a Louisiana resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA. Plaintiff was involved in an automobile accident which caused a spinal cord injury. Because of this condition, plaintiff uses a wheelchair for mobility. The limited use of Plaintiff's lower body is a condition that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and limited dexterity in his upper extremities and as such is a qualified disability under the ADA.

4.      Defendant, DAIQUIRIS & CREAMS NO. 2, INC. (hereinafter referred to collectively along with Defendant NO LIMIT GAMING, LLC as "Defendants"), is a business corporation registered to do business and, in fact, is conducting business

in the State of Louisiana. DAIQUIRIS & CREAMS NO. 2, INC., is the owner/operator of the business location that is the subject of this action, specifically: Daiquiris & Creams located at 5260 Veterans Memorial Blvd., Metairie, LA (hereinafter referred to as "premises", "subject premises", "subject facility", "subject property", "subject location", "Defendant's premises" and/or "Defendant's property").

5.      Defendant, NO LIMIT GAMING, LLC (hereinafter referred to collectively along with Defendant DAIQUIRIS & CREAMS NO. 2, INC. as "Defendants"), is a Louisiana limited liability company registered to do business and, in fact, is conducting business in the State of Louisiana. NO LIMIT GAMING, LLC, is the owner/operator of the business location that is the subject of this action, specifically: Sports Club Bar & Deli also located at 5260 Veterans Memorial Blvd., Metairie, LA (hereinafter referred to as "premises", "subject premises", "subject facility", "subject property", "subject location", "Defendant's premises" and/or "Defendant's property").

### COUNT I – CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its

requirements. For enforcement purposes, the effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(A).

7.      To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendants.

8.      Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendants due to the low costs of removing its existing architectural barriers and the financial assistance made available to Defendants by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

9.      Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. §36.104, the subject business locations owned and operated by Defendants are places of public accommodation in that they are frozen beverage service and sports bar and gaming-services business locations that provide various related goods and services to the public. Pursuant to 42 U.S.C. § 12182(a), the Defendants are liable for any ADA violations on the subject premises because they own and operate the businesses at the subject premises. As the owner/operator of these business locations the Defendants are each independently liable for the barriers to equal access as alleged herein. 28 C.F.R. § 36.201(b).

10.     Prior to instituting this action, and on numerous occasions per month over the last year and before, Hatty visited and *attempted to* patronize Defendants' premises at issue in this matter, and was denied full, safe and equal access to the subject property and the benefits of services, programs, and/or activities of the subject premises and its facilities, and has otherwise been discriminated against, has suffered an injury in fact, and been damaged by Defendants due to their lack of compliance with the ADA. Plaintiff has personal knowledge that the subject location is presently in violation of the ADA and is discriminating against individuals with disabilities.

11.     Due to the violations of the ADA at Defendants' premises Plaintiff does not have safe and equal access to the goods and services available to Defendants' able-bodied  patrons at this location. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the subject premises.

12.     Plaintiff has a bona fide desire and intent to patronize i.e., avail himself of the goods and services of, Defendants' subject premises once the barriers to equal access that amount to violations of the ADA are removed; however, Plaintiff is deterred from doing so as a result of the barriers to access which currently persist at said premises. The existence of these barriers creates a 100 percent likelihood that Plaintiff will suffer the same injury as alleged each time he returns in the future.

13.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation, such as Defendants, are in compliance with the ADA so that individuals with disabilities, including himself, and those using wheelchairs similarly situated, will have full and equal enjoyment of the property without fear of discrimination and the accompanying humiliation associated with discrimination.

14.     Plaintiff resides less than five (5) miles from where the subject facility is located and has a real, continuing, and immediate threat of future discrimination as a result of Defendants' violation of, and non-compliance with, the ADA because he intends to continue to visit, i.e. *attempt to* patronize, the subject location each time he travels by the subject facility which occurs numerous times each month. Accordingly, Plaintiff intends to *attempt to* patronize, i.e., visit, Defendants' subject location numerous times next month, and on a regular basis each month following. Plaintiff will do this until the barriers are remediated and he is able to patronize the subject location with access equal to that of Defendants' able-bodied customers.

15.     Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the subject facility in derogation of 42 U.S.C. § 12101 *et seq*.

16.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

17.     Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered and/or observed (unless otherwise indicated, the violations alleged herein exist concurrently for both businesses which are the subject of this action):

PARKING

a.     The plaintiff could not safely utilize the parking facility because the existing designated accessible parking space and access aisle are indistinguishable due to faded paint which is not being maintained by Defendant in violation of 28 CFR § 36.211 and Section 502.3.3 of the 2010 ADA Standards, whose resolution is readily achievable. The unmaintained access aisle has caused Plaintiff anxiety and difficulty because should he park his vehicle in a space that is not clearly marked as accessible and/or without a clearly marked access aisle, he runs the risk of being blocked out of his vehicle, and stranded at the subject location if someone parks next to his vehicle.

b.     The plaintiff could not safely utilize the parking facility because the designated access aisle was not level (the built-up curb ramp extends into the access aisle) in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c.     The plaintiff could not safely utilize the parking facility as the designated accessible parking space had no visible upright signage in violation of Section 4.6 of the ADAAG

and Sections 302 and 502 of the 2010 ADA Standards, whose resolution is readily achievable.

d.   The plaintiff could not independently enter/exit his vehicle as the parking space ground surface consisted of unmaintained broken pavement in violation of Section 4.5 of the ADAAG and Section 302.3 of the 2010 ADA Standards and said accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211, whose resolution is readily achievable.

## ACCESSIBLE ROUTE/CURB RAMP

e.   The plaintiff could not safely traverse the path of travel to the entrances as there are noncompliant changes in level present. Violation: The exterior path of travel from the parking facility to the public entry doors contains excessive changes in slope (including cross-slope of built-up curb ramp) in violation of Section 4.3 of the ADAAG and Sections 305.2 and 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## PUBLIC ENTRANCES

f.   The plaintiff was unable to independently access the public entrance to the facility due to a lack of level maneuvering clearance at the public entry doors. Violation: The area outside the public entry doors has an inclined approach which extends into the minimum requisite level maneuvering clearance for access to the outward swinging entry doors in violation of Section 4.13.6 of the ADAAG and Section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## MAINTENANCE

g.   The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

18.     The foregoing violations are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

19.     The Plaintiff states that as soon as he encountered and/or observed the architectural barriers at the subject location he had actual notice that the Defendants do not intend to comply with the ADA.

20.     The discriminatory violations described in paragraph 16 are not an exhaustive list of the Defendants' current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendants do not intend to comply with the ADA.

21.     Plaintiff knows it will be a futile gesture to attempt to patronize the facility unless he is willing to endure further discrimination, therefore, Plaintiff is deprived of the meaningful choice of freely patronizing the subject premises when in contrast the subject premises is readily available to able bodied patrons and the

general public without disabilities.

22.    To date, the Defendants' barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Plaintiff has reasonable grounds to believe that he will be subjected to discrimination in violation of the ADA by Defendants if these violations are not corrected and made compliant.

23.    By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

24.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable

by individuals with disabilities as defined by the ADA. To date, Defendants have failed to comply with this mandate.

25.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

26.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendants to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and

administered by Defendants are violative of the ADA;

B.    That the Court enter an Order directing Defendants to alter thier facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendants, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.    That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.    An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 10th day of August, 2019.

Respectfully submitted,

RIGUER SILVA, L.L.C.

**/s/ *Ryan A. Creel***
Ryan A. Creel (Louisiana Bar No. 32842)
Ivan A. Orihuela (Louisiana Bar No. 23542)
Henry M. Weber (Louisiana Bar No. 35374)
3213 Florida Ave., Ste. C
Kenner, LA 70065
Telephone: 504-466-7507
E-Mail: ryan.creel@me.com
***Attorneys for Plaintiff***


**DEFENDANTS TO BE SERVED:**

DAIQUIRIS & CREAMS NO.2 INCORPORATED
c/o Faye L. Wagner, as Registered Agent
17239 Three Rivers Road
Covington, LA 70433

NO LIMIT GAMING, LLC
c/o Chad Nunez, as Registered Agent
4051 Veterans Blvd., Ste. 301
Metairie, LA 70002